[Crim. No. 7855. Second Dist., Div. Three. Nov. 29, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT SCOTT, Defendant and Appellant.

Robert Scott, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—In a nonjury trial in which he was represented by private counsel, Robert Scott was convicted of possession of marijuana. His application for probation was denied and he was sentenced to state prison. In propria persona he appealed from the judgment and noticed an appeal from an order denying a motion for new trial. There was no motion for a new trial. He has filed a brief in propria persona.

Under stipulation the trial was had upon the evidence adduced at the preliminary hearing and additional evidence to be received at the trial.

 There was evidence of the following facts. Thomas Morgan testified that at about 8:30 p. m. February 1, 1961, he was at a service station in Los Angeles, having work done on his car, when he saw a man he subsequently identified as defendant run from one bus toward another, whistling to the latter; while running, the man pulled a hand out of a pocket and dropped a newspaper which was folded up and fastened with Scotch tape. Morgan called out but the man boarded the bus as it left. Morgan retrieved the package and put it in the drawer in the office of the service station. About 10 minutes after Morgan saw defendant running for the bus he saw him return, walk around a bench at the westbound bus stop and look around on the ground and around the gutter in that area. He walked over to the northbound bus bench and looked around that area; he then went to a coke box at the station, drank from a water fountain and looked into a waste can inside the service station. Police were called and the service station attendant gave the package to an officer. Police Officer Curtis testified that the service station attendant took a package from a drawer and handed it to him; he identified the package shown him as the one he received at that time; he examined the contents of the package when he received it at the service station and testified that it resembled marijuana; he gave the package to the police chemist. It was stipulated that if a police chemist testified he would identify the package as the one he received from the police and that it contained 11 grams of marijuana. It was received in evidence without objection.

Defendant testified at the trial; he was the man who ran for the bus; he held his hand against his pocket, not in it; he did not drop a package; he missed the bus and waited around for another; he did not look around the area as if to find something; he got a drink of water at the "coke" box; the police searched him and found nothing incriminating.

The trial court gave full credit to the testimony of Morgan, a disinterested witness. The facts to which he testified were sufficient to establish defendant's guilt. Defendant's denials presented a question of fact for the trial court, not a question of law for this court. We cannot reweigh the credibility of witnesses.

The purported appeal from a supposed order denying a motion for new trial is dismissed; the judgment is affirmed.

Vallée, J., and Ford, J., concurred.